# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 22-5031**

**September Term, 2021**

**1:20-cv-02570-BAH**

**Filed On:** May 10, 2022

Janice Wolk Grenadier,

     Appellant

United States of America, et al.,

     Appellees

     v.

Wells Fargo Bank Nevada, National
Association, et al.,

     Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Millett and Pillard, Circuit Judges, and Sentelle, Senior Circuit
               Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P.
34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's January 4, 2022 order
denying appellant's motion to reopen the case be affirmed. Appellant did not specify in
her motion to reopen under what rule she was seeking relief. Because her motion was
filed more than a year after the district court's order dismissing the case and its orders
denying her motion for recusal and denying reconsideration thereof, and because it is
not evident that relief is available under any other rule, we construe the motion to
reopen as seeking reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6).
See Fed. R. Civ. P. 60(c). However, both appellant's motion to reopen and the brief
she filed in this court only reiterate arguments that were already rejected by the district
court and by this court in her prior appeal. Consequently, she has not demonstrated
"extraordinary circumstances" warranting relief under Rule 60(b)(6), see Salazar ex rel.
Salazar v. District of Columbia, 633 F.3d 1110, 1120 (D.C. Cir. 2011), and the district

court did not abuse its discretion in denying the motion to reopen, see United States v. Philip Morris USA Inc., 840 F.3d 844, 852 (D.C. Cir. 2016).

    Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
       Daniel J. Reidy
       Deputy Clerk